UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
OCT 20 2022
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                      INDICTMENT NO. 5:22-CR-127-GFVT

COY LEE BEST and
THOMAS Z. KASEMEYER

\* \* \* \* \*

THE GRAND JURY CHARGES:

### COUNT 1
### 18 U.S.C. § 371

1.  On or about May 2, 2021, and continuing through on or about January 17, 2022, in Fayette County, Montgomery County, and Whitley County in the Eastern District of Kentucky, and elsewhere,

COY LEE BEST and
THOMAS Z. KASEMEYER

knowingly and intentionally conspired to commit an offense against the United States, to wit: transporting, transmitting, and transferring in interstate and foreign commerce goods, wares, merchandise, and money, of the value of $5,000 or more, knowing the same to have been stolen and converted, contrary to 18 U.S.C. § 2314.

## MANNER AND MEANS

2. **BEST** and **KASEMEYER** burglarized businesses specializing in sports cards and sports collectables, took merchandise worth thousands of dollars, and then resold the merchandise to other sports cards businesses in other cities, often in different states.

3. **BEST** and **KASEMEYER** targeted sports cards businesses located in Kentucky, Georgia, and Tennessee.

4. After completing the night-time burglaries into the targeted businesses, **BEST** and **KASEMEYER**, transported their stolen sports merchandise across state lines to various sports card stores, including ones located in Corbin, Kentucky; Knoxville, Tennessee; Lenoir, Tennessee; and St. Paul, Virginia.  When able, **BEST** sold the stolen sports card merchandise to these unwitting businesses operating in the sports card market.

## OVERT ACTS

In furtherance of the conspiracy and in order to affect its objects, Defendants **BEST** and **KASEMEYER** committed and caused to be committed the following overt acts in the Eastern District of Kentucky and elsewhere:

5. On or about May 2, 2021, **BEST** and **KASEMEYER** burglarized a sports card business in Knoxville, Tennessee. **KASEMEYER** used a hammer to break the store's glass front door, giving him access. **KASEMEYER** then went inside, while **BEST** waited outside and served as their driver leaving the scene. **KASEMEYER** took merchandise from the store, including boxes of National Treasure baseball and basketball cards, collectively worth more than $30,000.

6. A few days later, in May 2021, **BEST** and **KASEMEYER** drove across state lines to a business located in Corbin, in Whitley County, Kentucky. There **KASEMEYER** and **BEST** sold the items they had stolen in the May 2, 2021 theft.

7. On or about December 24, 2021, **BEST** and **KASEMEYER** drove to Mt. Juliet, Tennessee, where they burglarized a sports card business located just east of Nashville, Tennessee. As before, **KASEMEYER** broke into the business, while **BEST** waited nearby and drove the pair away after the burglary was completed. **KASEYMEYER** took multiple boxes of football and basketball cards from the store worth more than $30,000.

8. On or about December 27, 2021, **BEST** and **KASEMEYER** drove from Tennessee to a sports cards store in Corbin, Kentucky, attempting to sell some of the items that had been taken in the December 24, 2021 burglary. When the manager at that store refused to buy any cards from them, **BEST** and **KASEMEYER** drove to St. Paul, Virginia and sold the stolen sports card merchandise to a business there.

9. On or about January 12, 2022, **BEST** and **KASEMEYER** drove to central Kentucky, where **BEST** and **KASEMEYER** burglarized a sports cards store located in Montgomery County, Kentucky. **KASEMEYER** again broke into the business, while **BEST** waited nearby with a car to leave the scene. **BEST** and **KASEMEYER** drove back to Tennessee with more than $10,000 in stolen sports cards.

10. On or about January 17, 2022, **BEST** and **KASEMEYER** again drove to central Kentucky, and this time burglarized a sports card business located in Fayette County, Kentucky. **KASEMEYER** stole multiple boxes of National Treasure sports cards

as well as a framed set of individual graded sports cards. **BEST** waited outside the store and drove he and **KASEMEYER** back to Tennessee after the burglary was completed.

11. **BEST** sold most of the stolen items from the January 17, 2022 burglary, including an autographed Joe Burrow card, to a store in Lenoir City, Tennessee. The total value of the items stolen from the January 17, 2022 burglary exceeded $5,000.

All in violation of 18 U.S.C. § 371.

## COUNT 2
## 18 U.S.C. § 2314

12. On or about January 12, 2022, in Lexington, Kentucky, in the Eastern District of Kentucky, and elsewhere,

### COY LEE BEST and THOMAS KASEMEYER

knowingly transported, transmitted, and transferred in interstate and foreign commerce goods, wares, and merchandise having a value of $5,000 or more, that is, multiple boxes of sports cards, knowing the same to have been stolen, converted, and taken by fraud within the meaning of 18 U.S.C. § 21, in violation of 18 U.S.C. §§ 2314.

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(1)(C)
## 28 U.S.C. § 2461

13. By virtue of the commission of the offenses alleged in the Indictment, **COY LEE BEST** and **THOMAS KASEMEYER** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. §§ 371 and 2314.

14. The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT:**
An amount equal to the gross proceeds in aggregate obtained by the Defendants as a result of the violations alleged herein.

15. If any of the property identified above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

16. By virtue of the commission of the felony offenses charged in this Indictment, any and all interest **COY LEE BEST** and **THOMAS KASEMEYER** have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

A TRUE BILL

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
FOREPERSON

_____
**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## MAXIMUM PENALTIES

**COUNT 1:** Imprisonment for not more than 5 years; fine of $250,000 or twice the gross gain or loss from the conduct; and supervised release for 3 years.

**COUNT 2:** Imprisonment for not more than 10 years, fine of $250,000 or twice the gross gain or loss from the conduct, and supervised release for 3 years.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of all listed property.

**PLUS:** Restitution, if applicable.